UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | § § § § § | CRIMINAL NO.: 4:23CR105 |
| v | § § § | |
| SHAQUILE O'NEAL RICHARDS,<br>a/k/a "Shaquile Richards," a/k/a<br>"Shaq," a/k/a "103 Shaq," a/k/a<br>"103shaq_isback," | § § § § § § | 18 U.S.C. §924(j)(1) and §2 –<br>Use of a Firearm in<br>Furtherance of a Crime of<br>Violence Resulting in Death |
| ALEXANDRA ELIZABETH NICKS,<br>a/k/a "Bloodbath," a/k/a "Alimo,"<br>a/k/a "Alamo," | § § § § | |
| DEANDRE WATSON,<br>a/k/a Deandre Marcel Watson a/k/a<br>Deandre M. Watson a/k/a "Dre"<br>a/k/a "103 Dre," a/k/a<br>"problemgang_dre," | § § § § § § | |
| MARCUS DEWANE CHRISTOPHER,<br>a/k/a Marcus Christopher, a/k/a<br>Marcus D. Christopher, a/k/a<br>Marcus Dewayne Christopher, a/k/a<br>"Moe," a/k/a "Big Moe," a/k/a<br>"Big Boy," a/k/a "Big Man," a/k/a "<br>"thirdward_moe," | § § § § § § § § | |
| MARQUIS JUWAN ERSKIN,<br>a/k/a Marquis Erskin, a/k/a Marquis<br>J. Erskin, a/k/a Marquis J. Erskin,<br>Marquis Juwa Erskin, a/k/a "Erski,"<br>a/k/a "Bangzz," a/k/a "Cocaine_bangzz," | § § § § § § | |
| AND | § § | |

1

| | |
|---|---|
| **MERTROY HARRIS,** | § |
| a/k/a Mertroy Poshad Harris, | § |
| a/k/a Mertroy Roshad Harris, | § |
| a/k/a Troy Harris, a/k/a "Troy," | § |
| a/k/a "Red," a/k/a "2-3," | § |
| | § |
| **DEFENDANTS.** | § |

### DEFENDANT MARQUIS JUWAN ERSKIN'S
### MOTION TO QUASH SUBPOENA

TO THE HONORABLE JUDGE OF SAID COURT:

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW MARQUIS JUWAN ERSKIN ("Erskin") who files this Motion to Quash Subpoena which was filed in this Honorable Court on or about January 15, 2026 by the attorneys representing Shaqille O'Neal Richards. Erskin respectfully asks this Honorable Cour to QUASH the subpoena requesting his testimony in the trial currently underway in this Honorable Court. This Motion is filed timely after the filing of the original Subpoena. Good cause exists for this Honorable Court QUASHING this subpoena, as detailed *infra* in this Motion.

### ARGUMENT AND AUTHORITIES

1. Erskin was one of the named defendants in this styled-and-numbered cause of action.

2. Erskin is not one of the parties at trial in this matter. The requestor of the Subpoena is Shaqille O'Neal Richards, one of the defendants in the trial.

3. Generally a subpoena may issue where a defendant seeks testimony that is **relevant and material** to the issue being litigated. Where the sought testimony is cumulative or immaterial, a court does not abuse its discretion by quashing a Rule 17(a) subpoena. Further, a Rule 17 subpoena may not be used to conduct a "fishing expedition." *U.S. v Bebris*, 4 F.4th 551 (7th Cir. 2021). (emphasis added)

4. Erskin seeks to quash this deposition because it potentially seeks confidential information that is protected by the attorney-client privilege.

5. As stated in this Motion, Erskin is not a defendant in the trial. Erskin accepted a plea arrangement from the Government and has since begun to serve the sentence imposed upon him from this Honorable Court.

6. Erskin spent a great deal of time speaking with undersigned counsel as well as learned counsel Tom Berg. The vast majority of the time that was expended by Erskin on this case involved these conversations with undersigned counsel and Berg.

7. None of these conversations or the information discussed herein are in any way admissible in court for the obvious reasons that such communications are protected by the attorney-client privilege.

8. The attorney-client privilege is so fundamental to the basics of both Federal and State criminal proceedings that it should be obvious that such privilege is

sacrosanct and cannot be waived except under extremely limited circumstances. Such privilege exists even after death. See: Fed.R.Evid. 501; *Swindler & Berlin v. U.S.*, 524 U.S. 399, 407 (1999).

9. The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential for the purposes of obtaining or providing legal advice. *U.S. v. Mejia*, 655 F.3d 126, 132 (2nd Cir. 2011).

10. It is not understood by undersigned counsel why counsel for O'Neal decided to issue a subpoena to Erskin but given the open-ended request of the Subpoena where no reasons are given except that Erskin's testimony is requested at trial, it is a reasonable assumption by undersigned counsel that O'Neal's attorneys will be asking Erskin questions which will involve Erskin being asked questions which are protected by the attorney-client privilege.

11. As stated *supra* in this Motion, a subpoena may issue where a defendant seeks testimony that is **relevant and material** to the issue being litigated. Based on the paucity of information in the body of the subpoena itself, it is unknown if such testimony will be either relevant or material.

12. Once again, given the nebulous nature of the subpoena, it is unknown if counsel for O'Neal will be asking questions protected by the attorney-client privilege but it is a reasonable assumption that such questions will be asked.

13. This will create a situation at trial where every time a question is asked by O'Neal's counsel which undersigned counsel believes infringes upon the attorney-client privilege, undersigned counsel will have to object. At this point, undersigned counsel will have no choice but to offer an objection concerning the gravity of such a possible disclosure. [1]

14. This creates a situation where undersigned counsel will have to offer his objection and the Court will have to rule upon said objection.

15. Further, at said points in the trial, undersigned counsel will have to advise Erskin on the attorney-client privilege and if Erskin wishes to waive said privilege.

16. It is the client, in this case Erskin, who has the ability to waive said privilege; an attorney cannot give away this privilege. See in general: Fed.R.Evid. 502.

17. Specifically, the attorney-client privilege is the protection that applicable law applies to **confidential** attorney-client communications. *Id*. (emphasis mine)

18. Erskin must be advised of his rights at **every possible instance** when undersigned counsel is of the opinion that Erskin is in danger of breaching this privilege.

---

[1] It goes without saying that if Erskin is called to testify at trial, undersigned counsel will have to be in attendance at said trial to protect Erskin's rights.

19. For Erskin's own protection, as well as for undersigned counsel to effectively represent Erskin, this will mean that at every instance in which undersigned counsel is of the opinion that Erskin may be breaching attorney-client confidentiality, Erskin must be advised of such an instance and must be advised that he must be **intelligently and knowingly** waiving such privilege by testifying.

20. In other words, this will involve a two-part test during the body of the trial itself. The first part of the test will involve this Honorable Court ruling on the validity of the objection itself, namely that the testimony sought from Erskin invokes the attorney-client privilege and, if it the court rules that it does not, then the second part of the test is that if Erskin himself wishes to waive the privilege despite the Court's ruling.

21. Undersigned counsel will have no choice but to request that this Honorable Court allow him to speak with Erskin away from the presence of the jury so that Erskin may be advised regarding the consequences of such testimony so that, once again, Erskin will be able to make an **intelligent and knowing** waiver of the privilege if undersigned counsel is of the opinion that such privilege exists despite the Court's ruling.

22. Only once this two-part test is achieved will Erskin will be in a position to either respond to the question asked or invoke his privilege.

23. The decision of whether to allow such a test, of course, is up to this Honorable Court, but it is one that will be requested by undersigned counsel.

24. As stated, the attorney-client privilege is sacrosanct and undersigned counsel is under the strictest form of scrutiny and duty to his client to ensure that his client's rights are protected.

25. It is for this reason that Erskin requests the Subpoena be quashed.

26. In addition to the above, *supra*, other reasons exist for the quashing of the subpoena that undersigned counsel requests this Honorable Court consider which involve documentation that this Honorable Court will need to review.

27. Due to the sensitive nature of the documents that will be presented, however, undersigned counsel will be filing a supplement to this Motion under seal to be presented to this Honorable Court.

28. Undersigned counsel respectfully requests that this Motion to Quash, and the additional documents that will be submitted to this Honorable Court, be heard by this Honorable Court prior to trial resuming on January 20, 2026.

29. At such hearing, undersigned counsel will be in a position to proffer arguments detailing his concerns regarding Erskin's requested testimony and this Honorable Court will have opportunity to hear such arguments and review all documentation.

## **CONCLUSION AND PRAYER**

Marquis Erskin, by and through his counsel of record, respectfully asks this Honorable Court to QUASH the subpoena filed by the attorneys for Shaqille O'Neal Richards requesting that Erskin testify at the trial currently underway in this Honorable Court and that Erskin not be required to testify at said trial.

Respectfully submitted:

THE TAUSK LAW FIRM

/s/ Gene P. Tausk
FED ID: 22203
TBN: 24003035
6525 Washington
Houston, TX  77007
(713) 429-5476
(713) 490-3150 (fax)
gene@tausklawfirm.com

ATTORNEYS FOR MARQUIS ERSKIN

## **CERTIFICATE OF SERVICE**

      I state that a true and correct copy of the foregoing was served upon all counsel of record in this matter in accordance with the Federal Rules of Criminal Procedure by and through the Court's PACER system on January 16.2026.

                                      /s/ Gene P. Tausk
                                      Gene P. Tausk